IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

**v.**

**RICHARD DRAKULICH,**  No. 02-30061-DRH

**Defendant.**

## ORDER

**HERNDON, Chief Judge:**

### I. Background

This matter comes before the Court on Defendant Drakulich's motion to toll the statute of limitations for filing a habeas corpus motion to vacate pursuant to **28 U.S.C. § 2255**. (Doc. 141). Defendant's motion informed the Court that Defendant intended to file a **Section 2255** motion, but that he was awaiting information pursuant to a **Freedom of Information Act ("FOIA")** request that he made on May 30, 2008. Defendant Drakulich argued that the Government had yet to provide the information he requested pursuant to his FOIA request and that the Court should toll the **Section 2255** statute of limitations. **5 U.S.C. § 552** provides that agencies receiving a FOIA request must "determine within 20 days (excepting Saturdays,

Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor. . . " Defendant's FOIA request was dated May 30, 2008. Defendant's limitations period was set to expire on June 29, 2008.

The Court required further information regarding the FOIA request and ordered that the Government respond to Defendant's motion stating why the information was not previously turned over, why the Defendant had to file a FOIA request, and the status of the request. (Doc. 142). Further, the Court ordered Defendant to file a supplemental brief explaining why he waited until May 30, 2008 to file a FOIA request. (Doc. 142).

The Government filed a response to the Court's order on August 28, 2008. (Doc. 143). Defendant filed his supplemental brief on September 2, 2008. (Doc. 144). Further, the Defendant filed a reply to the Government's response on September 26, 2008 and a motion to strike the Government's affidavit from Phillip Kavenaugh III, Defendant's court-appointed counsel. (Docs. 146 & 145). Having considered the arguments, the Court **DENIES** Defendant's Motion to Toll the Statute of Limitations for Filling a Habeas Corpus Motion to Vacate Pursuant to 28 U.S.C. § 2255.

## II. Analysis

Defendant asks that the Court toll the statute of limitation for filing a habeas corpus motion to vacate pursuant to 28 U.S.C. § 2255. Applications for a writ of

habeas corpus are subject to a 1-year period of limitation.  **28 U.S.C. § 2255(f)** provides, in relevant part, that:

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**28 U.S.C. § 2255(f)**.  Defendant's limitation period was set to expire on June 29, 2008.  Defendant filed his motion for an extension of time in which to file his § 2255 petition on June 24, 2008, five days before the expiration of his limitation period.

**A.     Motion to Suppress or Strike Affidavit**

Defendant has filed a motion asking the Court to strike Attorney Phillip J. Kavenaugh's affidavit (Doc. 145).  The Government, in response to the Court's Order to explain why information was not turned over to Defendant, attached an affidavit from Mr. Kavenaugh, who acted as counsel for Defendant from March 21, 2003 until he was replaced at Defendant's request.  In the affidavit, Mr. Kavenaugh stated that the Government had an "open file" policy and that numerous pieces of evidence were given to the Defendant by the Government before trial.  Defendant argues that the affidavit should be stricken because it violates the attorney-client privilege.  Contrary the Defendant's argument that the affidavit contains information regarding the "scope and existence" or the attorney-client relationship, the affidavit merely acknowledges that the Government had an "open file" policy and that the Government turned over certain documents to the Defendant.  Therefore, the affidavit does not involve

attorney-client communications and does not violate the attorney-client privilege. Defendant's motion to suppress or strike (Doc. 145) is **DENIED**.

B.   **Tolling under *Edmond v. U.S. Attorney*.**

Although a belated filing may be excused by equitable tolling or estoppel, a pre-filing "extension of time" is unavailable.  **See *United States v. Cooper*, No. 89 Cr 580, 1997 WL 754170 (N.D. Ill. Nov. 21, 1997); rev'd on other grounds in part and appeal dismissed in part, 182 F.3d 923 (Table, Text in Westlaw, no. 98-1136, 98-1324, 1999 WL 515255 (7th Cir. July 6, 1999)).**  While it does not constitute binding precedent, this Court agrees with the thoughtful analysis set forth in **In re Wattanasiri, 982 F. Supp. 955, 958 (S.D.N.Y. 1997)**, which, in denying a motion for an extension of time to file a motion under § 2255, reasoned as follows:

> To begin with, there is no action or proceeding pending.  Movant's criminal case has ended.  He has not filed a motion pursuant to 28 U.S.C. § 2255.  There is no civil action.  Congress has not authorized the district courts to entertain applications such as this.  Even if it had, there would be substantial doubt as to the existence of the sort of concrete dispute between adverse parties that is required by the case or controversy requirement of Article III, Section 2 of the United States Constitution.

**982 F. Supp. at 958; *accord United States v. Leon*, 203 F.3d 162, 164 (2$^{d}$ Cir. 2000) (per curiam) ("Here, because Leon has not yet filed an actual § 2255 petition, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.").**  The Second

Circuit Court of Appeals held, *albeit* per curiam, "as every other court to consider the question thus far has held – that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." **Leon, 203 F.3d at 164 (collecting cases)**.

However, Defendant cites **Edmond v. U.S. Attorney, 959 F. Supp. 1 (D.D.C. 1997)**, for his proposition that the statute of limitations should be tolled until he receives the material he requested from the Government.

In *Edmond*, the plaintiff sought documents through his FOIA request which he argued would "aid him in overturning his criminal conviction." **Id. at 3.** The court cited **28 U.S.C. § 2255(2)** which states that the one year period of limitation does not begin to run until "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." Referring to 28 U.S.C. § 2255(2), the court stated that "if [the] Plaintiff is claiming that the government is holding exculpatory material, the one year limitation would not begin until the Plaintiff receives that evidence." **Id. at 4.** However, neither *Edmond* nor § 2255(2) allow the statute of limitations to be tolled; rather the case and statute stand for the proposition that the statute of limitations does not begin to run until the impediment is removed. **Sorce v. Artuz, 73 F. Supp. 2d 292, 298 (E.D.N.Y. 1999).**

Even assuming that Defendant has made a proper argument under §2255(2), Defendant has failed to prove that the Government's withholding information

impeded his filing of a motion. Although § 2255 does not define "impediment," the 7th Circuit, in addressing the same issue in the closely related statute 28 U.S.C. § 2244(d)(1)(B), found that whatever action constitutes an impediment, that action must prevent the applicant from filing his petition. ***Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (per curiam).**

Here, the Government argues that it is not holding exculpatory material. In its Response to the Court's Order (Doc. 143), the Government states that requested documents were not turned over to Defendant because it either had no obligation to turn over those items or had no items in its possession to send. Although it did not provide its complete unabridged file, the Government is not required to turn over its entire file and all discoverable materials under **Federal Rules of Criminal Procedure Rule 16** were provided. Furthermore, many of the items requested by Defendant, including the investigative agents case file and investigative reports, were turned over to Defendant in discovery. As to several items requested by Defendant, the Government argued that it had nothing to send. Copies of depositions (of which there were none because the government did not take depositions), all court documents, the case file of Public Defendant Phillip C. Kavanaugh, and the case files of Assistant United States Attorneys were not sent because the Government never had those materials. The Government also argues that it had an open file discovery policy in this case and provided complete discovery, so no documents were withheld.

Even assuming that the government has withheld material (although there is

no showing that they have done so), Defendant has failed to prove that the withholding of material prevented him from filing.  Defendant was well familiar with the issues and could have filed an adequate petition.  Defendant could have filed a timely petition within the statute of limitations, even if it later had to be amended.  Therefore, Defendant's motion to toll is **DENIED**.

## III. Conclusion

Accordingly, the Court **DENIES** Defendant's motion to toll the statute of limitations for filing a habeas corpus motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 141).  Further, Defendant's motion to suppress or strike the Government's affidavit from Attorney Kavenaugh is **DENIED** (Doc. 145).

**IT IS SO ORDERED.**

Signed this 14th day of January, 2009.

/s/ David R Herndon
**Chief Judge**
**United States District Court**